## COBB v. UNITED STATES.
### Civil Action No. 2190.

District Court, W. D. Louisiana,
Shreveport Division.
Dec. 31, 1947.

D. H. Perkins, Booth, Lockard and Jack and Whitfield Jack, all of Shreveport, La., for plaintiff.

Malcolm E. Lafargue, U. S. Atty., and W. J. Fleniken, Asst. U. S. Atty., both of Shreveport, La., for defendant.

DAWKINS, District Judge.

This is a suit under the Federal Tort Action Act of 1946, Tit. IV, Sec. 402 et seq. Public Law No. 601, 79th Congress, Ch. 753, Second Session, 28 U.S.C.A. § 941.

Defendant has moved for summary judgment on the contention the military officer and personnel involved were not acting within the scope of their authority or in "line of duty" with respect to any business of the Government, but had been loaned, to the superintendent of high schools for Caddo Parish to teach and instruct students in military science. In support of the motion there was offered, with no countervailing evidence upon the part of the plaintiff, other than the allegations of the bill, the affidavit of Lieutenant Colonel Samuel Irwin of the U. S. Army. This affidavit is, in substance, to the effect that he, Colonel Irwin, was detailed "as professor of military science and tactics" at the school under paragraph 29, Special Order 251 War Department, on November 26, 1946, and was serving in that capacity when the affidavit was signed; that he is on the supervising staff, directly under the superintendent of schools and entitled to all the rights and privileges of a faculty member, similar to those of the heads of other departments; that the Reserve Officers' Training Corps program is a regularly prescribed course in lieu of physical education at such high school; that programs are conducted similar to those in other departments and enrollment is voluntary on the part of those students who meet the required standard; that they are graded in their work by the military instructors and receive credit therefor on their report cards as in the case of other subjects; that all matters of discipline are the responsibility of the school principal; that the military personnel assigned to Byrd High School, where the accident allegedly happened, consisted of one lieutenant colonel, professor of military science and tactics, one master sergeant in charge of administration, one master sergeant instructor, one first sergeant instructor and one staff sergeant maintenance and supply; and that the school superintendent was the designated custodian of the army equipment on the date of the accident, as required by paragraph 2a Army Regulations, 145—20, of July 1st, 1938.

The argument of counsel for the Government rests upon decisions in cases between private litigants under the "loaned servant" doctrine, where the nature of the business was such that distinctions between work of and interest of the parties in the undertak-

ing were a comparatively easy ascertainment. Here, however, we have a situation where the interest and purpose of the government in providing for instructions of the nature, which were being given in this instance, are the same as that of any other training for service in the armed forces and tends to prepare the students for military duty when and if it becomes necessary to call them for that purpose. The arms and other military equipment used in the training program are the property of the United States and their care and keeping, no doubt, are governed by well established rules and regulations, prescribed by the Army, and for which officers, such as those serving in this instance, are responsible.

Granting therefore that the undertaking was dependent initially upon the authority of the state to be exercised by the governing authorities of the public schools, and that the military training was recognized and credited in the education of the students, both the question of the benefits as between the State and Nation, and the extent of control exercised by the teachers of military science, under government direction over the equipment involved in this case, are not clearly defined, either in law or regulations, of which the court may take notice, or by anything appearing in the pleadings or affidavit. Much depends upon the facts to be shown on a trial of the merits.

The motion for summary judgment will therefore be denied.

Proper decree should be presented.